<span style="color:red">**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000641**
**27-JUN-2025**
**07:47 AM**
**Dkt. 54 SO**</span>

NO. CAAP-22-0000641

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STEVE F. LOYOLA and TY AARON MEDEIROS, Appellants-Appellants,
v.
COUNTY OF HAWAIʻI, Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC161000414)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)

This agency appeal addresses the contention of two Hawaiʻi Fire Department (**HFD**) battalion chiefs that their placement on paid administrative leave, pending an investigation into their conduct and their allegations, constituted discipline or an adverse employment action. We affirm.

Appellants-Appellants Steve F. Loyola and Ty Aaron Medeiros (collectively, **Appellants**) appeal from the December 7,

2021 "Findings of Fact, Conclusions of Law and Order" (**Circuit Court Order**) and October 6, 2022 "Final Judgment" (**Judgment**), both filed and entered by the Circuit Court of the Third Circuit (**Circuit Court**).[1]  The Circuit Court Order affirmed the Merit Appeals Board of the County of Hawaiʻi's (**MAB**) October 28, 2016 "Findings of Fact, Conclusions of Law, Decision and Order Denying Appeals of Appellants" (**MAB Order**), which found, inter alia, that there was no discipline imposed against Appellants.

On appeal, Appellants' points of error challenge 15 Findings of Fact (**FOFs**) and 20 Conclusions of Law (**COLs**) in the Circuit Court Order as "erroneous."  Appellants connect their arguments in their Opening Brief to some, but not all, of the challenged FOFs and COLs; and those that are included in the argument are summarily challenged.[2]  We address Appellants' arguments that their "indefinite" leave with pay, and the "withholding" of their "overtime" constituted "discipline" or an "adverse employment action."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Appellants' contentions as follows.

At the end of November 2014, HFD Fire Chief Darren J. Rosario (**Fire Chief**) placed Appellants on paid administrative leave for alleged insubordinate conduct in violation of several

_____

[1]    The Honorable Robert D.S. Kim presided.

[2]    "Where an appellant raises a point of error but fails to present any accompanying argument, the point is deemed waived." Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawaiʻi 97, 110, 58 P.3d 608, 621 (2002) (citation omitted).  The challenges to specific FOFs and COLs for which we are unable to discern specific argument for, are waived. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived.").

HFD Rules and Regulations, "until such time that the investigation [wa]s completed." The underlying alleged insubordinate conduct involved Appellant Loyola's September 23, 2014 "Letter of No Confidence" in the Fire Chief, addressed to the Fire Commission requesting Fire Chief's removal for "unsatisfactory management," and raising numerous other allegations. For Appellant Medeiros, the alleged underlying insubordinate conduct involved Appellant Medeiros's September 15, 2014 memorandum to the Fire Chief, and copying the Mayor and the Fire Commission, requesting the Fire Chief's resignation to protect HFD from "further damage" and to protect the safety of HFD personnel.

In December 2014, Appellants each filed an Internal Complaint to HFD in response to their being placed on paid administrative leave. Appellants made additional allegations against Appellee-Appellee County of Hawaiʻi (**County**) and the Fire Chief, claiming "prolonged harassment, unfair treatment and retaliation."

In March 2015, the deputy managing director reviewed both Internal Complaints and conducted an independent administrative review. The deputy managing director found that the Fire Chief "acted within his authority by initiating an investigation, removing [Appellants] from duty, placing [them] on paid leave and 'taking' [their] badge[s]."

On March 18, 2015, Appellant Loyola appealed the deputy managing director's decision to the MAB, and on March 30, 2015, Appellant Medeiros also appealed the decision to the MAB. The MAB consolidated the two appeals into a single proceeding.

While Appellants were on paid administrative leave, the Fire Chief appointed retired Police Chief Victor Vierra (**Investigator Vierra**) as the independent investigator to address

3

Appellants' allegations and to determine whether Appellants violated HFD Rules and Regulations. Investigator Vierra addressed "each accusation" from the "list" of 27 allegations against the Fire Chief that Appellants had raised, in which Appellant Loyola raised 20 allegations and Appellant Medeiros raised seven. Investigator Vierra interviewed 23 people, generating a June 9, 2015 106-page final report. The report concluded that, with the exception of two of Appellant Loyola's allegations and one of Appellant Medeiros's, the remainder of Appellants' allegations were "speculative," "unsubstantiated" and "uncorroborated." Regarding the alleged HFD Rules and Regulations violations by Appellants, Investigator Vierra wrote that "it can be reasonably concluded that both [Appellants] violated the six rules and regulations they were charged with[,]" but "[t]he degree that each violated these rules" was "arguable."

In June 2015, the Fire Chief ended Appellants' paid administrative leave upon the conclusion of Investigator Vierra's investigation.

The MAB conducted a five-day contested case hearing on Appellants' appeal from November 19, 2015 to March 10, 2016. The October 28, 2016 MAB Order found that Appellants suffered no demotion in rank, no loss of benefits, or any derogatory information in their personnel file, during their paid administrative leave. Appellants had no corrective action imposed on them after the investigation concluded. The MAB Order concluded, inter alia, that there was "no discipline" imposed against the Appellants (COL 24); "the fact that the Appellants were not assigned overtime while they were out on administrative leave with pay was not discipline" (COL 26); and that "[b]ased on the breadth of the accusations against [the

4

Fire Chief] and the accusations concerning the conduct of the Appellants, the amount of time it took to complete the investigation was reasonable" (COL 23).

On December 1, 2016, Appellants appealed the MAB Order to the Circuit Court.

On December 7, 2021, the Circuit Court Order affirmed the MAB Order, and entered the October 6, 2022 Judgment, from which Appellants timely appealed.

On secondary review of an administrative decision, we apply the same standard of review as the Circuit Court to determine whether the Circuit Court was right or wrong in its decision under HRS § 91-14(g). Paul's Elec. Serv., Inc. v. Befitel, 104 Hawaiʻi 412, 416, 91 P.3d 494, 498 (2004). This court may affirm, remand, reverse, or modify the MAB Order if Appellants' substantial rights may have been prejudiced by the MAB Order's violation of a statute or error of law. See HRS § 91-14(g)(1), (g)(4).

Appellants argue they were subjected to "disciplinary or adverse employment action" through "three (3) distinct, separate acts of unlawful discipline": (1) "[p]eer [h]umiliation" for "being stripped of their rank . . . in front of peers" that was "recorded"; (2) "[d]enial of [r]egularly [s]cheduled [o]vertime"; and (3) "indefinite leave with pay." The County responds that "such an action (paid administrative leave pending investigation) does not mean Appellants were subjected to 'discipline' because their compensation, benefits, and terms of employment were not adversely impacted or affected."

**(1)** Regarding the claim that "[p]eer [h]umiliation" constituted discipline, Appellants do not point to any authority to support their argument that the circumstances under which

5

Appellants' badges and insignias were removed, constituted an "adverse employment action." Here, Appellants argue that: Appellant Loyola's "peer" "saw that [sic] the deputy chief strip Appellant's uniform of his rank and [HFD] insignia[,]" by going into Appellant Loyola's HFD "dorm room without permission" and into Appellant Loyola's locker; and Appellant Medeiros "was ordered to remove the insignia of his rank" from his uniform, while in the Fire Chief's office "and in the presence of [HFD] personnel," and this was "recorded on video." Appellants only cite to a general principle in Lewis v. City of Chicago, 496 F.3d 645, 653 (7th Cir. 2007), that an "adverse employment action includes 'humiliating, degrading, unsafe, unhealthy, or otherwise significant negative alteration in [her] work place environment.'" Lewis did not apply or construe this "humiliating" work place environment language, and it is not persuasive. Appellants provide no authority that what they characterized as "peer humiliation" under the circumstances of this case constituted an adverse employment action.

Further, the MAB made a mixed legal and factual determination that in light of Appellants' "serious and wide[-]ranging accusations against the Fire Chief," HFD's action of "investigat[ing] the Appellants and the accusations[,]" was "according to the Rules and Regulations of [HFD]." COL 21. Where mixed questions of fact and law are presented, we defer to the agency's expertise and experience in the particular field and will not substitute our judgment for that of the agency. Dole Haw. Div.-Castle & Cooke, Inc. v. Ramil, 71 Haw. 419, 424, 794 P.2d 1115, 1118 (1990). Appellants' "peer humiliation" challenge lacks merit.

**(2)** Regarding the claim that "denial of overtime" constituted discipline, Appellants rely on a singled unreported

6

out-of-state case, Williams v. City of Harrisburg, 2005 WL 2335131 (M.D. Pa. 2005), to support their contention that "where overtime is an accepted practice, the loss of overtime opportunities can be considered disciplinary because it affects the employee's compensation and privileges of employment." Williams was a firefighter who was suspended and removed from a specialized unit by his fire chief. Id. at *5. The Williams court found that:

> Since [p]laintiff remain[ed] employed as a Harrisburg firefighter, removal from the specialized teams is not an adverse employment action unless the removal resulted in lower pay, less benefits, less opportunity for overtime, considerably worse working conditions, a "dead-end" position within the organization, or some other tangible adverse change in [p]laintiff's employment status, which would rise to the level of an adverse employment action for purposes of Title VII.

Id.

Appellants do not explain how the situation in Williams supports their claim that the lack of scheduled overtime in this case constituted discipline, where Appellants were on paid administrative leave without a change in pay or benefits, and suffered no demotion. See Haw. Ventures, LLC v. Otaka, Inc., 114 Hawai'i 438, 469 n.16, 164 P.3d 696, 727 n.16 (2007) (noting "appellate courts are not obligated" to "crystalize the parties' arguments" (citation omitted)).

While Appellants claim the "County provides for and anticipates the routine practice of scheduling overtime for [HFD] employees[,]" they do not point to any authority that the County must do so for employees who are on paid administrative leave pending an investigation. The County argues that "Appellants [w]ere [n]ot [e]ligible for 'Scheduled Overtime'" as "defined by [the applicable Collective Bargaining Agreement]

§ 20(c) as 'four (4) scheduled work hours in excess of sixty-eight (68) hours per work period."

Here, the MAB determined that "Appellants have not shown they were required or entitled to receive overtime pay during the time they were on administrative leave with pay." COL 19. See Dole Haw. Div.-Castle & Cooke, Inc., 71 Haw. at 424, 794 P.2d at 1118. We conclude the Circuit Court correctly affirmed the MAB's conclusion resolving the claim of entitlement to overtime while on paid administrative leave. See Paul's Elec. Serv., Inc., 104 Hawaiʻi at 416, 91 P.3d at 498. Appellants' "denial of overtime" challenge lacks merit.

**(3)** Regarding the claim that "indefinite leave with pay" constituted discipline, Appellants' use of the term "indefinite" is not accurate, where the paid leave began and ended on certain dates. Appellants acknowledge that legal authorities have held that placing an employee on administrative leave with pay does not constitute an "adverse employment action." Appellants nevertheless argue, however, that this general principle should be limited to a "short period of time" not to "exceed three (3) months."

Here, the MAB Order pertinently concluded that "the amount of time it took to complete the investigation" was "reasonable" "[b]ased on the breadth of the accusations against the Fire Chief and the accusations concerning the conduct of the Appellants[.]" The record supports that the approximately six-months-long duration of Appellants' paid administrative leave, from November 21, 2014 to June 2015, while the investigation was being completed, was reasonable due to the volume of interviews conducted (23 witnesses), the large number of allegations (27 total) raised by Appellants, and the Fire Chief's accusations

8

against the Appellants. Appellants' "indefinite leave with pay" challenge lacks merit.

For the foregoing reasons, we affirm the Circuit Court of the Third Circuit's December 7, 2021 Circuit Court Order and the October 6, 2022 Final Judgment.

DATED: Honolulu, Hawaiʻi, June 27, 2025.

On the briefs:

Ted H.S. Hong,
for Appellants-Appellants.

Mark D. Disher,
Deputy Corporation Counsel,
for Appellee-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge